## 1960.  WHITE SEWING MACHINE COMPANY v. HORKAN.

1. The rulings on the demurrer can not be reviewed, since no exceptions pendente lite were filed and the rulings complained of were made more than thirty days before the suing out of the main bill of exceptions.

2. A defendant may file inconsistent and contradictory pleas, but the plaintiff may take advantage of the contradictory nature of the defenses and may use, as an admission against the defendant, a statement made in one of the pleas, though in another part of the defense there is set up a contradictory state of facts.

3. Where there is an attempt to bind a person by the act of an agent, it is necessary for the person asserting the agency to establish it. After a prima facie case is made, the declarations of the agent himself, made accompanying the transaction or during the execution or settlement of it, are admissible in corroboration of the prior evidence tending to establish the agency.

4. The court erred in granting a nonsuit.

Complaint; from city court of Moultrie—Judge McKenzie. May 12, 1909.

Argued July 19, 1909.—Decided January 15, 1910.

*Hendricks & Christian,* for plaintiff.

*Shipp & Kline,* for defendant.

POWELL, J.  1.  The White Sewing Machine Company brought suit against G. A. Horkan, alleging that he did business under the name of Horkan Trading Company, and that he was indebted to the plaintiff on an obligation attached to the petition, signed "Horkan Trading Company, per W. B. Dukes." There was a condition attached to this obligation, that through the doing of a subsequent act on the part of the Horkan Trading Company, the promise to pay might be discharged. At the first term of the court Horkan came in and on oath answered, setting up that he was not liable on the obligation, because "said note was subject to a condition set forth in said note, the terms of which *this defendant* has fully complied with, and by reason of which said note has been fully satisfied and discharged by the terms of said conditions." Subsequently, several years later, after Dukes had died, Horkan amended his plea by setting up that he did not do business under the name of Horkan Trading Company; that he was not a member of any such partnership; that he was not concerned in the contract sued on, and that he had never at any time authorized or ratified the giving of the note. The evidence of the plaintiff tended to show that the note was given for certain sewing machines, but that

it was to be discharged by the defendant's subsequently ordering a certain number of machines additional. A great deal of correspondence between the Horkan Trading Company and the White Sewing Machine Company was introduced, all in the handwriting of Dukes and signed by him, and showing, among other things, that the condition had not been performed. There was an attempt to show, by statements of Dukes, that Horkan owned the business— was the proprietor of the Horkan Trading Company. The trial resulted in a nonsuit, and the plaintiff excepts. Even if the objections to the defendant's filing the amendments to his plea were well taken—and we think they were not—the exceptions thereto are presented here too late, as the exceptions were not preserved pendente lite, and the main bill of exceptions was not certified within thirty days after the rulings.

2. We think that the plaintiff made a prima facie case and should have had it submitted to the jury. The defendant may file contradictory pleas, but he does so under peril of having them made the basis of an inference against the good faith of the defense, when the case goes to the jury. One party may take the benefit of all admissions in the pleadings of the other. The statements contained in the original plea, and the natural implications to be drawn therefrom, were such as to carry strong weight toward the establishment of the proposition that Horkan was the proprietor of the Horkan Trading Company; and that he filed no plea denying this fact, for a long number of years and not until the death of Dukes, is a circumstance pregnant with refutation of the good faith of the defense set up in the amended plea. It is to be noticed that the original contract is signed "Horkan Trading Company, per W. B. Dukes." The contract was subject to be discharged by compliance with certain conditions. Horkan comes in and pleads at the first term, not that the note was not his obligation, but that he himself had discharged the condition in it. If it was not Horkan's obligation, if Dukes was not authorized to act for him, if Dukes was not authorized to bind him by signing the name of Horkan Trading Company, through what means, and by what right did he (Horkan) undertake to claim the benefit of the contract and discharge it by complying with the condition? From the very nature of this plea and of the matter set up in it, the jury would have had the right to draw either of two inferences,—that Dukes was originally author-

ized 'to contract for Horkan in the name of the Horkan Trading Company, or that Horkan had ratified his assumed agency; in either of which events Horkan would be liable upon the contract.

3. To recover in this case, it was necessary, of course, for the plaintiff to show that Dukes was the authorized agent of Horkan— authorized originally or by ratification. This agency could not be shown in the first instance by the declarations of the agent. The rule is, however, that when the agency is prima facie shown, declarations of the agent are admissible •in corroboration. As we have strongly intimated above, we think that the admission contained in the plea, and indeed the very ratification of the agency that came about by Horkan pleading as a defense the performance of a condition in the contract which Dukes had made, would establish such a prima facie case of agency as to comply with the rule.

4. The case ought to have gone to the jury. The court erred in rejecting the declarations of Dukes, tending to corroborate the fact of his agency, and in awarding a nonsuit.

*Judgment reversed.*