### 2502. HEITMANN *et al. v.* COMMERCIAL BANK OF SAVANNAH.

1. When a written contract expressly recites that it is made for one purpose, it is not competent (in the absence of a claim of fraud, accident, or mistake) to show by parol that it was made for another inconsistent purpose.
2. Under the facts presented there was no error in holding that the present complaining defendants were not discharged from liability by the action that had been taken in the case as to other joint obligors on the instrument sued on.
3. The court did not err in directing a verdict in the plaintiff's favor.
(a) While it is permissible to prove as a part of the res gestæ of a transaction that one of the parties purported to act as the agent of a third person, yet his declaration to that effect is not of sufficient probative value to establish the agency, unless there be further proof, direct or circumstantial, to show that he was in fact an agent or that his acts as agent had been ratified by the alleged principal.

Complaint; from city court of Savannah—Judge Freeman. November term, 1909.

Argued May 4,—Decided May 12, 1910.

*Osborne & Lawrence,* for plaintiffs in error.

*Adams & Adams, U. H. McLaws,* contra.

POWELL, J. This case has been before this court previously See *Heitmann* v. *Commercial Bank, 6 Ga. App.* 584 (65 S. E. 590). It will not be necessary to repeat the facts there stated; indeed, what is here said is to be read in connection with what is there said. The point decided when the case was here before was that there was error in disallowing a plea which set up that the note and the accompanying letter had never been delivered to or accepted by the bank as a complete, final contract, but were merely to be held by them, in the nature of an escrow, until another person, named Peeples, should affix his signature. It was further held that such a plea did not contradict the terms of the writing, but that the defendants would not be allowed to set up a state of facts which contradicted either the letter or the note. At the trial the defendants offered an amendment to their plea. First, they pleaded that the note was without consideration, in that it was given merely as collateral security for a past due indebtedness, owing by the Sand Lime Brick Company to the plaintiff. Even if this plea were otherwise meritorious, it was in direct contradiction to the statement in the letter that the note sued on was given in payment of this past indebtedness, thus becoming an original obligation based on a lawfully recognized consideration.

The plea further set up that the defendants Heitmann, Knight, and Manning were discharged from liability because the plaintiff had dismissed the action as to one Goette and had also in the present suit procured judgment against O'Connell and four others of the signers of the note, without procuring judgment against the present plaintiffs in error. It should be noticed that this came about by reason of the fact that while originally the judgment was against all of these defendants except Goette (who had died pending the action and who was stricken on that account), this court granted a new trial as to Heitmann, Knight, and Manning only.

The Civil Code of this State (§5041) expressly authorizes a dismissal as to a defendant dying pending the action, without affecting the liability of the other defendants. *Savannah Bank* v.

*Purvis,* 6 *Ga. App.* 275 (65 S. E. 35).    Nor do we think that under the facts of the case such a merger of the liability on the note resulted from this court's reversing the judgment only as to three of the defendants and its granting as to them a new inquiry, as to preclude the plaintiff from proceeding, on the new hearing, to establish their liability and to have a judgment in the action rendered against them also.    Cf. *Ells* v. *Bone,* 71 *Ga.* 466.

3.    The main point insisted on, however, is that the court erred in directing a verdict in favor of the plaintiffs, notwithstanding the evidence offered by the defendant (in support of the plea which this court, when the case was here before, held was allowable) to prove the agreement that the note and letter were never formally delivered, and were by mutual agreement of the parties never to become a completed contract until Peeples signed.    Some of the defendants offered testimony that the note was presented to them by one Comerford, who said that it was not to become a contract until Peeples signed it.    Comerford, it appears, was the receiver of the corporation in payment of whose debt the present note was given.

To disclose the effect of this transaction between the signers of the note and Comerford, it is best that certain other facts be stated. There had previously been some dispute between the bank and the signers of the notes preceding the one in controversy (for the indebtedness had been renewed from time to time), as to whether certain others should not have signed also.    When the giving of the present note was proposed, the vice-president of the bank, who was also its attorney, in order to foreclose any further dispute on this line, prepared the letter which appears fully in the former opinion in this case and which was to be signed by the new makers, asking the bank to accept the new note in lieu of the old one, and stating further that not all the old signers were to sign the new paper and asking the bank to deliver to them (the new signers) the old note that they might compel contribution.    This letter and the note were turned over to Heitmann and O'Connell (two of the present defendants) in order that they might be signed and returned.    Later Heitmann and O'Connell, in company with Comerford (who was interested adversely to the bank, or, at least, not in privity with the bank), brought to the bank's vice-president and attorney the note and letter signed as they were when sued on.    He

examined them, telephoned the bank's clerk that they were all right, and upon his instruction Heitmann, O'Connell, and Comerford went to the bank window, where they delivered the new note to the bank clerk and received the old note from the bank; the evidence showing that probably the physical transfer of the papers, was to and from the hands of O'Connell, though Heitmann and Comerford were standing by. The evidence was clear and unequivocal that the officials of the bank were ignorant of the representations, if any, made to any of the signers of the note to the effect that it was not to become a completed contract until Peeples signed it. It was equally clear that Comerford was not agent for the bank and was not authorized to make any statement on the bank's behalf. There is no other reasonable inference deducible from the testimony than that the note had come into Comerford's hands, at the time he made the representations, directly or indirectly from either Heitmann or O'Connell, who were two of the joint signers of the note. Therefore, notwithstanding he may have induced some of the defendants to sign on the understanding that the note was not to be delivered until Peeples signed it, nevertheless, delivery to the bank was consummated without charging them with notice of any such condition; and the bank, acting on the apparent completeness of the transaction, delivered up the old note, thus putting the case very fairly within the principle of the case of *Lewis* v. *Board of Commissioners*, 70 *Ga.* 486.

At least one of the defendants testified that Comerford told him at the time he presented the note for signing that he was representing the bank in procuring the signatures. The court struck out this testimony. While we are of the opinion that Comerford's statement, so closely associated as it was with the act of procuring the signatures, was admissible as a part of the res gestæ, and that the court's action in ruling it out was abstractly erroneous, nevertheless, this error is immaterial. The rule is that while such declarations are admissible as a part of the res gestæ, yet they are without sufficient probative value to establish the agency, until it is shown by further proof, direct or circumstantial, that the alleged principal had in fact authorized the alleged agent to act for him, or had subsequently ratified the act. Wigmore on Evidence, §1777 (2); Roebke *v.* Andrews, 26 Wis. 311, 321. Cf. *White Sewing Machine Co.* v. *Horkan,* 7 *Ga. App.* 283 (66 S. E. 811) ; *Chattanooga R. Co.*

v. *Davis,* 89 *Ga.* 708 (4), (15 S. E. 626). The elements essential to a ratification were not present in the case at bar, as they were in the two cases last cited above.

Even if the judge had admitted all of the testimony that was excluded, the proof would not have been adequate to support the plea in accordance with the former opinion of this court in the case, and his action in directing a verdict in the plaintiff's favor is affirmed.                             *Judgment affirmed.*