11266. WILLIAMS & BROTHER *v.* KING HARDWARE COMPANY.

JENKINS, P. J.   1. "Declarations of an alleged agent are not by themselves admissible to prove agency, but the fact of agency may be established by proof of circumstances, apparent relations, and the conduct of the parties; and where the extraneous circumstances, independently of and without regard to the declarations of the agent himself, clearly tend to establish the fact of his agency, his declarations, though inadmissible if standing alone, may, as a part of the res gestæ of the transaction, be considered." *Sherrod* v. *Springfield Baptist Church*, 21 *Ga. App.* 200 (2) (93 S. E. 1009); *Abel* v. *Jarratt*, 100 *Ga.* 732 (28 S. E. 453); *Ham* v. *Brown*, 2 *Ga. App.* 71 (58 S. E. 316).

2. The plaintiff company having admitted that it was in the habit of permitting its traveling salesmen to collect money due the company on its accounts, and the testimony of the defendant, unobjected to, showing that the person to whom the payment was made not only represented himself to be the agent of the plaintiff, but correctly read over to the defendant the various items with the price of each for which the money was due, the bona fides of the receipt tendered, despite the evidence of the plaintiff tending to show its fraudulent character, was a question of fact for the jury, and the judge erred in excluding it from their consideration and directing a verdict for the plaintiff. *Judgment reversed. Stephens and Smith, JJ., concur.*
                    DECIDED OCTOBER 13, 1920.

Complaint — appeal; from Cobb superior court — Judge Wright presiding.   December 18, 1919.

Payment of the account sued on to an agent or traveling salesman of the plaintiff — the King Hardware Company — was the defense set up in this case.   Refusal to admit in evidence a receipt offered by the defendants and the direction of a verdict for the plaintiff are complained of in the motion for a new trial, the overruling of which is assigned as error.

At the trial the plaintiff's "credit man and head bookkeeper" testified, that the account sued on was correct, due, and unpaid; that he did not know whether it had been paid to any traveling

salesman of the plaintiff, but no salesman had "reported having collected it," and the money had never reached the plaintiff's office; that the plaintiff had several traveling salesmen, and the traveling salesman for the territory in which was Marietta, Georgia, where the defendants had their place of business, was Mr. Woodward; and Mr. Howell Kitchen was also authorized to take orders in Marietta. J. R. Williams, of the firm of J. E. Williams & Brother, the defendants, testified that he was in charge of the business of the firm at the time of the purchase of the goods included in the account sued on, and bought them from a traveling salesman of the plaintiff, and that he paid the account to a man who represented himself to be a salesman of the plaintiff, but whom he could not see, as he was blind. As to the circumstances under which the payment was made he testified: "Some gentleman called at my store, saying he was the representative of the King Hardware Company and wanted to sell me a bill of goods. I told him I did not wish to buy any that day. I could detect that his voice was different from the salesman who had called on me in times past for the King Hardware Company, and remarked to the gentleman that he was not the same man who had been calling on me. He said, 'No,' and told me what his name was, but I do not recollect it. . . He reminded me that I owed the King Hardware Company a bill and that the house had asked him to collect the same. I got out my invoices and statements, and he had with him some papers, and he and I checked over the account, and his statements and mine were alike. Being blind and unable to see, I asked him to call out the items on his papers, and they were as follows" (the witness here stated the items of the account sued on). "I recognized the items as he called them out from the papers, as being the same goods that I had previously bought from the King Hardware Company, and the whole thing came to $59.18" (the amount of the account sued on). "I paid him that amount of money. He gave me this receipt, which I have kept ever since" (referring to the receipt mentioned above, which was for $59.18, and was signed, "King Hardware Company, Atlanta, Ga."). The witness further testified that the salesman to whom he paid the money was not Woodward or Howell Kitchen. Woodward testified that he did not receive the money, and that although he did not know of any salesman of the plaintiff who

came into his territory besides himself and 'Kitchen, it was possible for some other of the plaintiff's salesmen to have done so, and that the plaintiff sent office men out to towns near Atlanta to collect accounts and take orders for goods. The witness first mentioned was recalled and testified that he did not recognize the receipt as being in the handwriting of any salesman of the plaintiff; also: "When we in the office in Atlanta give an account against a customer to a salesman to collect, we do not itemize the account, but give him a plain statement of the same, simply showing the date and amount of the invoice or invoices, and the statement which we give to salesmen for collection is not itemized; the individual items covered in the account are never shown; . . they are always itemized when we place them out in the hands of attorneys or our collecting agency for collection." "Our salesmen do collect accounts for us frequently, and they are authorized to collect for the company. . . It is true that we frequently send men from the office — some of our office force — out to near-by points around Atlanta, both to collect accounts and solicit orders for goods. I think we have sent such parties to Marietta."

*Clay & Giles,* for plaintiffs in error.