DECIDED APRIL 18, 1923.

Action on contract; from city court of LaGrange — Judge Duke Davis. September 30, 1922.

*Moon & Parham,* for plaintiff in error.

*Dorsey, Brewster, Howell & Heyman, A. H. Thompson, Lovejoy & Mayer,* contra.

---

## 14054. RENDER v. HILL BROTHERS,

JENKINS, P. J. 1. The fact of agency may be established by the direct testimony of the one who has assumed to act as agent (*Friese* v. *Simpson,* 15 *Ga. App.* 786 (4), 84 S. E. 219); and while the previous declarations of an alleged agent are not by themselves admissible to prove agency (*Harris Loan Co.* v. *Elliott Typewriter Co.,* 110 *Ga.* 302 (1) 34 S. E. 1003; *Americus Oil Co.* v. *Gurr,* 114 *Ga.* 624 (1), 40 S. E. 780), after any such direct testimony has been admitted, or the fact of agency has been clearly indicated by proof of circumstances, apparent relations, and the conduct of the parties (*Cable Co.* v. *Walker,* 127 *Ga.* 65 (1) 56 S. E. 108), the declarations of the alleged agent, though inadmissible if standing alone, become admissible as a part of the res gestæ of the transaction, and as such may be considered in establishing the fact of agency. *Abel* v. *Jarratt,* 100 *Ga.* 732 (2) (28 S. E. 453); *Ham.* v. *Brown,* 2 *Ga. App.* 71 (1) (58 S. E. 316); *Heitmann* v. *Com-*

*mercial Bank,* 7 *Ga. App.* 740, 743 (68 S. E. 51); *Malsby* v. *Widincamp,* 24 *Ga. App.* 737 (5) (102 S. E. 178); *Williams* v. *King Hardware Co.,* 25 *Ga. App.* 680 (104 S. E. 454).

2. In a suit on open account, where the defendant denies the authority of his employee to whom the goods were furnished to purchase the same on his credit, and where the nature and character of the service is not such as would carry with it, as an incident to his employment, the implied right and authority, as purchasing agent, to bind his employer, such authority can not be established or supported by proof of a previous course of dealings between the plaintiff and other employees of the defendant who may have formerly occupied a similar position. *Conyers* v. *Ford,* 111 *Ga.* 754 (2) (36 S. E. 947); *Ham* v. *Brown,* 2 *Ga. App.* 71 (3) (58 S. E. 316).

3. Section 3615 of the Civil Code (1910) provides as follows: "In the absence of the employer, the overseer stands in his place. It is his duty to see to the sustenance and protection of his employer's property; and to discharge the duty, he is justified in repelling aggressors and trespassers to the same extent with the employer." This is not to be construed as conferring upon an overseer implied legal authority to act as a purchasing agent, so as to bind his employer. The testimony relating to previous transactions between the plaintiff and other overseers of the defendant should have been rejected on the defendant's objection then urged, that "what took place with other people" was immaterial and prejudicial.

4. The proof relative to the amount of the account sued on was meager, but, since a new trial is required, it is unnecessary to determine whether the case was made out in that respect, or to pass upon the other special assignments of error, relating to matters which are not likely to arise upon another trial.

*Judgment reversed. Stephens and Bell, JJ., concur.*

Decided April 18, 1923.

Complaint; from city court of LaGrange — Judge Duke Davis. October 26, 1922.

*Lee B. Wyatt, Walter R. Branan,* for plaintiff in error.

*N. F. Culpepper, Moon & Parham,* contra.