## 32937. BELL *v.* WASHAM.

DECIDED JULY 7, 1950.

*Deal & Bacon,* for plaintiff in error.

*A. S. Dodd Jr.,* contra.

WORRILL, J. (After stating the foregoing facts.) Special ground 1 complains because of the admission in evidence of the following testimony of the plaintiff by interrogatories over the objection that it was an attempt to prove agency by the statement of the purported agent, the truck driver, to a third person and that it was hearsay: "I heard the driver of the truck tell the police officer who was investigating the accident that he was driving the truck for Alton Bell, who owned it." Apparently this testimony was for the purpose of establishing that the driver of the truck was the servant or agent of the defendant and that the defendant was the owner of the truck. While agency may be proved by the alleged agent's testimony, it is well established

that mere declarations of one outside of court can not in the first instance be received to establish agency, but after a prima facie case is otherwise made or ratification shown such a declaration may be admitted in evidence in corroboration of other evidence tending to prove agency. In *Heitmann* v. *Commercial Bank*, 7 *Ga. App.* 740 (3-a) (68 S. E. 51), it was held: "While it is permissible to prove as a part of the res gestae of a transaction that one of the parties purported to act as the agent of a third person, yet his declaration to that effect is not of sufficient probative value to establish the agency, unless. there be further proof, direct or circumstantial, to show that he was in fact an agent or that his acts as agent had been ratified by the alleged principal." See also *White Sewing Machine Co.* v. *Horkan*, 7 *Ga. App.* 283 (3) (66 S. E. 811); *Lawhon* v. *Henshaw*, 63 *Ga. App.* 683, 684 (11 S. E. 2d, 846), and cit. The fact that the declaration was made as part of the res gestae does not alter the rule. *Swint* v. *Milner Banking Co.*, 30 *Ga. App.* 733 (3) (119 S. E. 336). See also *Akridge* v. *Atlanta Journal Co.*, 56 *Ga. App.* 812, 815 (194 S. E. 590). The court erred in not disallowing the testimony that the driver stated that he was driving the truck for the defendant in so far as the testimony sought to prove agency. For reasons hereinafter stated it is unnecessary to decide whether or not the court erred in allowing in evidence the statement of the plaintiff that the driver said that the defendant owned the truck which he was driving.

Counsel for the defendant in error state in their brief that the question which elicited the statement as to agency was not designed "to prove agency but was a direct question to show ownership," and then proceeds to argue that under *Fielder* v. *Davison*, 139 *Ga.* 509, 513 (77 S. E. 618), ownership being here shown liability was established against the defendant. In this contention counsel err. There it was said, by quoting from a Missouri case, and as quoted by counsel, that "Where a servant, who is employed for the special purpose of operating an automobile for the master, is found operating it in the usual manner such machines are operated, the presumption naturally arises that he is running the machine in the master's service. If he is not so running it, this fact is peculiarly within the knowledge of the master, and the burden is on him to overthrow this pre-

sumption by evidence which the law presumes he is in possession of." However, in that case it was not denied that the driver of the automobile was employed by the defendant as a chauffeur, the issue being merely as to whether or not at the time of the injury he was acting in the scope of his employment or using the automobile for his own pleasure and against the order of the master. Here, apart from the objectionable evidence there was no proof of agency or the relationship of master and servant, and without that essential element mere proof of ownership would not render the defendant liable.

In the order of the court approving as true and correct the grounds of the amended motion for new trial it was noted that no objections were filed to the interrogatories of the plaintiff, and that no objection was made to the interrogatories until they were being read to the jury. The inference is, therefore, authorized, though not demanded, that in overruling the special grounds of the motion for new trial the court considered that the objections to certain testimony came too late. Counsel for the defendant in error take this position. Such, however, is not the law. In *Georgia Railway & Electric Co.* v. *Bailey*, 9 *Ga. App.* 106 (3) (70 S. E. 607), it was ruled: "The objections mentioned in the Civil Code (1910), § 5913 [Code of 1933, § 38-2304], which should be made before a court commissioner taking depositions, are formal objections to the testimony, or to the competency of the witness, so far as then known to the objecting party. The fact that at the taking of the depositions the party did not make objection to the testimony does not prevent him at the trial from objecting to it upon substantial grounds, such as irrelevancy or incompetency, as to which the law does not require objection to be made at the time the witness is offered. Testimony purely hearsay has no probative value, and may be stricken out by the court at any time during the progress of the trial, even though no formal objection was made at the time of its being given by the witness. Objections as to the competency and relevancy of the evidence need not be made at the taking of the depositions. The objections which must be made at that time, or which otherwise will be considered to be waived, are restricted to those affecting the formal development of the evidence." See also *Erk* v. *Simpson*, 137 *Ga.* 608 (5) (73 S.

E. 1065). Of course, on principle the same rule should more readily apply as to interrogatories, and we accordingly hold that the objections here, being substantial, did not come too late.

Special ground 2 complains because the court admitted in evidence, over the same objections as were urged to the testimony above dealt with, the following testimony: "The truck driver, W. A. Parrish, stated he just couldn't stop the truck because of the heavy load. He made this statement to the police officer who was investigating the accident." Counsel for the defendant in error assert in their brief that the defendant's counsel merely objected without stating any ground of objection and that such deficient objection can not be considered. We are bound, however, by the record, which shows in the motion for new trial, approved by the trial judge, that "Movant objected to the evidence as soon and at the same time it was offered, and then and there urged the same grounds of objection as urged in ground 1 above, that it was an attempt to prove agency by the statement of the purported agent and that it was hearsay." The fact that the driver could not stop the truck because of the heavy load had no relevancy to the question of agency and is not subject to the objection urged. What the driver said was hearsay, but was part of the res gestae and admissible for that reason on the question of negligence, though not showing agency. *United Motor Freight Terminal Co.* v. *Hixon,* 77 *Ga. App.* 506, 510 (48 S. E. 2d, 769).

The interrogatories of the plaintiff constituted the only evidence in the case, and there was nothing therein, other than the language complained of in special ground 1 of the motion for new trial, which tended in any wise to show that the driver of the truck was the agent or servant of the defendant. Stripped of the objectionable testimony, the evidence fails to show liability against the defendant, and the court erred in overruling the motion for new trial.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*