## 66542. PLATT v. OLYMPIC ICE, INC.

SHULMAN, Chief Judge.

Appellant brought this personal injury action against appellee after she had broken her leg while ice skating at appellee's facility. Following a jury verdict and judgment for appellee, appellant moved for a new trial on the grounds that the trial court erroneously disallowed certain testimony proffered by appellant. This appeal concerns the denial of appellant's motion.

At trial, the evidence revealed that on the day in question, appellant and her family went to appellee's skating rink. Appellant initially did not intend to skate since she had skated only once before, but the manager of the rink convinced her to try again. Appellant made one complete circle around the rink, steadfastly holding onto the rail along the rink's perimeter. When she was approximately a quarter of the way around the rink for the second time, she encountered plastic pylons which had been placed in such a way as to block her path. These pylons were used to section off one end of the ice rink so that skating lessons could be conducted without interference from skaters not in the class. Appellant attempted to testify to the fact that a person who identified herself as the instructor approached her and informed her that she could not proceed through the class but would have to skate across the middle of the rink. This, of course, entailed letting go of the side rail and skating without any support. When appellant did so, she fell and broke her leg.

The trial court refused to allow appellant to testify as to the content of her conversation with the instructor since appellant could not identify the instructor by name and therefore couldn't prove that

that person was an employee or agent of the appellee. Appellant asserts that the court's ruling was error. We agree.

" 'Declarations of an alleged agent are not by themselves admissible to prove agency, but the fact of agency may be established by proof of circumstances, apparent relations, and the conduct of the parties; and where the extraneous circumstances, independently of and without regard to the declarations of the agent himself, clearly tend to establish the fact of his agency, his declarations, though inadmissible if standing alone, may, as a part of the res gestae of the transaction, be considered.' [Cits.]" *Williams & Brother v. King Hardware Co.,* 25 Ga. App. 680 (Hn. 1) (104 SE 454). Appellant testified that the person who told her she could not skate through the class identified herself as the group's instructor. The manager of the skating rink testified that *all* instructors were employed by appellee.

The instant case is distinguishable from *Brewer v. Southeastern &c. Ins. Co.,* 147 Ga. App. 562 (249 SE2d 668), because in that case the purported principal and agent signed affidavits denying the existence of an agency relationship between them and the plaintiff countered with only a bare assertion that such a relationship in fact existed. The court found that no issue of fact remained for determination by the jury. However, in the case at bar, appellee does not actually deny that the skating instructor was its agent, but only contends that appellant has not met her burden of proof on the issue of agency.

We believe the fact that the alleged agent was on the ice with the class and identified herself as the instructor, coupled with the manager's testimony that only employees of appellee were authorized to be instructors, created a reasonable inference that the person who told appellant she couldn't skate past the pylons was in fact an employee of appellee. It follows that the trial court erred in denying appellant's motion for new trial.

*Judgment reversed. McMurray, P. J., concurs. Birdsong, J., concurs in the judgment only.*

DECIDED OCTOBER 5, 1983.

*C. Lawrence Jewett, Jr.,* for appellant.
*Charles E. Walker, Lawrence E. Burke,* for appellee.