### HOLLAND & TYE *v.* VAN BEIL & FISKE.

1. A general agency of one who sells a bill of goods for another cannot be established by his declaration made at the time of the transaction to the effect that he was the general agent of the other and had the whole southern territory.
2. An agent who sold goods for the price of which a negotiable promissory note payable to his principal or order was given, has no implied authority, before the maturity of the note and without having the same in his possession, to allow a discount upon the amount of the note and receive payment of the balance. In order to discharge the makers by such payment, it would be necessary to prove either express authority or a general agency from which authority could be inferred, or establish a ratification by the principal.
3. No ratification could be inferred from mere forbearance to bring suit on the note for a length of time short of the period of limitation, without some evidence of knowledge by the principal that the payment had been made.
4. The foregoing propositions would rule the case on its merits, with the result of affirming the judgment. But on looking to the judge's certificate to the bill of exceptions, the same not stating that the bill of exceptions contains (or specifies) all of the evidence material to a clear understanding of the errors complained of, and not mentioning the evidence at all, there is no valid writ of error.                               *Writ of error dismissed.*

April 27, 1892. By two Justices.

Agency. Evidence. Payment. Ratification. Promissory note. Practice in Supreme court. Before Judge MARSHALL J. CLARKE. Fulton superior court. March term, 1891.

Action commenced March 1, 1878, on a promissory note dated January 10, 1874. In addition to the general issue, the defendants pleaded that the note was given for goods purchased from plaintiffs' drummer or agent, and before its maturity the drummer called, and after selling a bill of goods, said to defendants that he was out of money, and if defendants would pay the note he would make a deduction from its face value; whereupon they paid him the amount of the note less the deduction, and took a receipt therefor, the drummer promising to have the note marked paid and returned to them, which he failed to do, and several years passed before they heard anything about the note. They further pleaded "that there was a ratification on the part of plaintiffs, as said note was retained by plaintiffs or intrusted to said agent to deliver the same to defendants; that said agent exercised a general authority in matters pertaining to plaintiffs' business, and is therefore bound by the acts of said agent, and collecting said money for which said note was given was within the scope of said agent's authority; that after said transaction, for several years one of defendants purchased goods of plaintiffs through said agent and paid him money on said purchases, about which no complaint was ever made by plaintiffs."

The court directed a verdict for the plaintiffs, and afterwards overruled a motion for a new trial; and the defendants excepted. The motion alleged that the court erred in ruling out the testimony of one of the defendants, that, at the time the plaintiffs' agent was selling defendants a bill of goods when the note sued on was paid, he told witness that he was the general agent of plaintiffs and had the whole southern territory. Also, that the court erred in not allowing the jury to pass on the questions, as to whether or not the evidence established an agency and the extent of the same, and as to

whether or not, from the long continued silence of the plaintiffs, the assurance of acquiescence was conveyed, amounting to a ratification.

In the bill of exceptions the "brief of evidence agreed on between counsel, approved by the court and filed in the clerk's office," is specified as one of the parts of the record material to a clear understanding of the errors complained of; but the certificate to the bill of exceptions is, "that the foregoing bill of exceptions is true, and specifies all of the record material to a clear understanding of the errors complained of," etc.

R. J. JORDAN, by brief, for plaintiffs in error.

B. F. & C. A. ABBOTT, by brief, contra.