## MASSILLON ENGINE AND THRESHER COMPANY *v.* AKERMAN *et al.*

1. Agency can not be proved by the declarations of an alleged agent, though made dum fervet opus.
2. Where one delivers grain to another to be threshed and returned to the owner, less the toil, a bailment is thereby created, and, after proof of loss, the burden is on the bailee to show proper diligence.

Submitted March 16, — Decided April 10, 1900.

Certiorari. Before Judge Fite. Bartow superior court. July term, 1899.

*John W. Akin,* for plaintiff in error.
*Milner & Milner,* contra.

FISH, J. 1. Akerman brought suit, in the city court of Cartersville, against the Massillon Engine and Thresher Company, for damages for the loss of wheat alleged to have been burned by reason of the negligence of the defendant, while threshing the same. Satterfield and Jones, who claimed that they had lost grain at the same time and from the same cause, were by consent made parties plaintiff. Upon the trial, verdicts were found against the defendant for the respective plaintiffs. Defendant carried the case, by certiorari, to the superior court, and upon the certiorari being overruled it excepted. The controlling

issue upon the trial in the city court was whether the machinery, which was used in threshing plaintiffs' grain, at the time it was destroyed by fire, was being operated by the defendant company. Several witnesses were permitted to testify, over the defendant's objection, that certain persons, who were doing various acts indicating that they were managing the machinery at the time the fire occurred, said that they were the agents of the defendant. The admission of this testimony was one of the assignments of error made by the certiorari. It requires no citation of authority to prove the correctness of the rule that agency can not be proved by the declarations of the alleged agent. And until the agency is otherwise shown to exist, the sayings of the person assumed to be agent are not admissible to bind. his alleged principal. The fact that the statements are made dum fervet opus does not alter the rule. Of course, after the fact of agency is established by competent evidence, the declarations of the agent, while acting within the scope of his authority, and during the continuance of his agency, in regard to transactions pending at the very time, may be given in evidence against his principal, as part of the res gestæ. Upon a careful examination of the brief of evidence in the record, we can find nothing, after excluding the declarations of the alleged agents, to show that the defendant company was operating the machinery at the time the grain of the plaintiffs was burned; and the verdicts were, therefore, without evidence to support them.

2. Another ground of the petition for certiorari was, that the judge of the city court read to the jury the definition of a bailment, and also read to them section 2696 of the Civil Code, to the effect that, "In all cases of bailment, after proof of loss the burden of proof is on the bailee to show proper diligence;" petitioner in certiorari contending that no bailment was shown by the evidence, and that the burden was upon the plaintiffs in the action to show loss, and show that defendant was negligent, before a recovery could be had. Section 2894 of the Civil Code says: "A bailment is a delivery of goods or property for the execution of a special object, beneficial either to the bailor or bailee, or both; and upon a contract, express or implied, to

carry out the object and dispose of the property in conformity with the purposes of the trust." Before a bailment can arise there must be a delivery of the article which is the subject-matter of the contract. The evidence of a bailment as to Akerman's wheat was very meager and unsatisfactory. It appears that the threshing-machine was carried to Akerman's field, for the purpose of there threshing his wheat; that he had his wheat hauled to the place where the machine was; that he had hands employed who were aiding in the work about the machine at the time the fire occurred, and that he himself was present while the work was going on. Some of his wheat had been threshed when the fire occurred, but it does not appear who then had it in possession, whether his employees had taken charge of it, or whether the person operating the machine held it. We think, however, that there was sufficient evidence to authorize the instructions upon the law of bailment as to the grain of the other two plaintiffs, Satterfield and Jones. The jury could have found, under the evidence submitted, that they had delivered their grain to the person operating the machine, to be threshed, and returned to them after the toll was deducted.

*Judgment reversed.     All the Justices concurring.*