## FRANKLIN COUNTY LUMBER CO. *v.* GRADY COUNTY.

1. The declarations of an alleged agent, though made dum fervet opus, are not admissible to prove his agency.
2. The admission of hearsay testimony, though properly objected to, is not cause for a new trial when the fact sought to be proved by it has been admitted, upon the trial, by the opposite party.
3. The court erred in giving the instructions excepted to, as there was no evidence to authorize them.

Submitted May 6,—Decided November 20, 1909.

Action for damages.    Before Judge Spence.    Grady superior court.    December 29, 1908.

*John Q. Smith,* and *Theodore Titus,* for plaintiff in error.

*M. L. Ledford,* contra.

FISH, C. J.    Grady County brought an action for damages against the Franklin County Lumber Company, a foreign corporation, the petition being based upon an attachment sued out by the plaintiff and levied upon certain property of the defendant in Grady County.    The plaintiff alleged that the defendant was indebted to it in the sum of $500, in consequence of damages to a designated bridge of the plaintiff across the Ochlochnee river, caused by the defendant placing a number of logs in the river above the bridge and allowing them to lodge against it in such numbers that, by their weight and force, they displaced the bridge, and also caused the water by washing the banks under the approaches to the bridge to undermine it, thereby rendering it unfit for passage and likely to be washed away by high water.    In its answer, defendant denied that it had injured and damaged plaintiff as averred in the petition, and alleged that if the bridge had been damaged in the manner charged, "it was done by the Ochlochnee Logging Company, which was an independent contractor and a corporation exercising an independent business," which had contracted with defendant to raft and deliver its logs at its mills in Carabelle, Florida, for a stipulated compensation.    Upon the trial the jury returned a verdict in favor of the plaintiff for the amount sued for.    The defendant made a motion for a new trial, which was overruled, and it excepted.

1.    The court permitted witnesses for the plaintiff to testify to declarations made by certain persons, while engaged at the bridge in working with the logs, for the purpose of effecting their passage

under that structure and down the stream, which declarations tended to show that such persons were doing this work as the agents of the defendant company. In each instance, counsel for defendant sought to have the testimony excluded, upon the ground that agency can not be proved by the declarations of the alleged agent. The judge, in his rulings, seems to have been of the opinion that declarations of this character, though not generally admissible to prove the agency of the person making them, are admissible for this purpose if made dum fervet opus. The well-established rule that the declarations of an alleged agent are not admissible to prove his agency is, however, not subject to such qualification. *Williams* v. *Kelsey,* 6 *Ga.* 365; *Holland* v. *Van Beil,* 89 *Ga.* 223 (15 S. E. 302); *Abel* v. *Jarratt,* 100 *Ga.* 732 (28 S. E. 453); *Massillon Engine Co.* v. *Akerman,* 110 *Ga.* 570 (35 S. E. 635). Consequently the court erred in not excluding such declarations.

2. A witness for the plaintiff testified: "Mr. Hose told me that the logs in the river belonged to the Franklin County Lumber Company." This testimony was objected to as being hearsay, which objection was overruled by the court. Without proof that Hose was the agent of the defendant company and that this declaration was made within the scope of his agency, this testimony was, of course, inadmissible. The court probably admitted it in consequence of the erroneous rulings above referred to, as Hose was one of the persons whose declarations tending to show agency for the defendant the court had permitted to be introduced in evidence. The ruling with which we are now dealing is, however, no cause for a new trial, as the defendant admitted, upon the trial, that it owned the logs in question.

3. The court charged, that if the jury believed that the Ochlochnee Logging Company "was simply a corporation made up of the officers and owners of the Franklin County Lumber Company, and that they organized under a charter, without paying in any capital stock, . . to enable them to carry on this logging business and relieve the Franklin County Lumber Company of any liability or responsibility for damages that [might] be done to property by those engaged in taking the logs to Carabelle, Florida," and "that the people who composed the Ochlochnee Logging Company are the same people who compose the Franklin County Lumber Company," the jury ought to find against the defense that the rafting of the

logs was done by an independent contractor. The exception to these instructions is that there was no evidence to authorize them. The same exception is taken to another portion of the charge, wherein the court instructed the jury: "But if you should believe from the testimony that the Ochlochnee Logging Company was merely a pretext or sham gotten up by the Franklin County Lumber Company through its employees and officers and owners for the purpose of avoiding responsibility for its own acts, and if you should believe there is nothing to the logging company except a bare, naked charter, stock certificates held by the stockholders, without having paid the money into the corporation; if you should believe that was done by the defendant company and its employees, and you are satisfied from the preponderance of the testimony in the case that the bridge was injured in the manner set out in the declaration, .

.  it would be your duty to find the verdict for the plaintiff." After a careful consideration of the evidence, we are of opinion that it did not authorize these instructions.

*Judgment reversed. All the Justices concur.*