19198. PIEDMONT OPERATING COMPANY *v.* CUMMINGS.

STEPHENS, J. 1. The rule that a principal is bound to the extent of the authority which he has apparently conferred upon his agent has no reference to a situation in which a person affected by the acts of the agent does not deal with the agent in reliance upon the authority which the principal has apparently conferred upon him. 2 C. J. 575. Where an employee, in operating an automobile without actual authority from

the employer, runs over another person and injures him, the injured person is not injured as a result of any dealings which he has had with the driver of the automobile as the agent of the employer, or in reliance upon any authority to operate the automobile which the employer has apparently, but not actually, conferred upon the employee. Where the employee, when operating the automobile and causing the injury, had no actual authority from his employer to operate the automobile, the injured person can not recover for damage resulting from the employee's operation of the automobile.

2. Upon the trial of a case brought by a person injured as the result of the operation of an automobile while it was being driven along a public street, where there was evidence from which the jury could have inferred that, although the driver of the automobile, who was a bell-boy of a hotel operated by the defendant, had no actual authority from the defendant to drive the automobile, but that it was apparently within the scope of the driver's business, as an employee of the defendant, to take automobiles belonging to guests of the hotel to a garage, it was error prejudicial to the defendant for the court to charge as follows: "A principal is bound to the extent of the apparent authority that he has knowingly conferred upon his agent, and not by the actual or expressed authority, where that differs from the apparent authority. A principal may knowingly permit a person to hold himself out as agent, and act in such a way that authority to do the act will be presumed. However, before this principle of law can be applied, the defendant company must have knowingly permitted its bell-boys to make delivery of cars over such a period of time that it had become a custom for them to do so, or must have knowingly permitted the bell-boy, Faulkner, to make the particular delivery in question."

3. Where a person, when registering to become a guest of a hotel, inquired of the clerk as to what arrangements could be made for the storage of the guest's automobile, and the clerk said to the guest, "the boy at the door will look after. that," and where the guest immediately proceeded to his automobile, which was just outside the door of the hotel, and he was followed by one of the bell-boys of the hotel, who took charge of the automobile and started with it to a garage, and where it was the duty of the bell-boy to help the doorman, and the bell-boy actually helped him in unloading the automobile for the guest, or where there was a custom, known to the authorities of the hotel, for bell-boys of the hotel to take to a garage automobiles of guests of the hotel, the inference is authorized that the bell-boy, in taking charge of the automobile for the guest and in driving it to a garage, had actual authority from the authorities of the hotel so to do, and in so doing was acting as the authorized agent of the authorities of the hotel.

4. Where there is evidence from which the fact of agency may be inferred, the declarations of the agent as to facts tending to establish the agency, when made as part of the res gestæ, are relevant and admissible. *Render* v. *Hill*, 30 *Ga. App.* 239 (117 S. E. 258); Denver Co. v. Krebs, 255 Fed. 543. In a suit against a hotel company to recover

for injuries alleged to have been caused by the negligent operation of the automobile when driven by the defendant's agent who it is alleged was a bell-boy of the hotel, the following statements made by the driver immediately after the accident and while he was under arrest, were admissible as being part of the res gestæ: "Boss, I have a ticket here from the hotel to take this car to the garage," and that the head bellman told him "to do it."

5. A statement made by the driver of an automobile to the effect that he had "a ticket" from his employer "to take" the automobile to the garage, which was admitted in evidence as part of the res gestæ, was admissible as such, not as a statement of the contents of the ticket, but as a statement as to the fact that the person making the declaration, in having a ticket to take the automobile to the garage, was acting as agent for his principal. *Minnesota Lumber Co.* v. *Hobbs*, 122 *Ga.* 20 (4) (49 S. E. 783).

6. Where a witness who had been introduced by one of the parties to the case gave testimony, on the direct examination, in a material matter which was in conflict with statements within the knowledge of the examining attorney who had introduced the witness, which the witness had made on former occasions, once in a statement to the examining attorney, and at another time in testimony on a former trial at which the attorney was present, and where it appeared from the statement of the examining attorney that the attorney had been entrapped by the former statements of the witness, it was proper for the court to permit the attorney, for the purpose of impeaching the witness, to interrogate the witness with reference to the former statements and to prove those statements. It was therefore proper for the court to give in charge the law with reference to the impeachment of witnesses.

7. As a new trial is granted, the other assignments of error, which relate solely to the adjustability to the evidence of certain excerpts from the charge, and of a refused request to charge, need not be passed upon.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 3, 1929. REHEARING DENIED OCTOBER 5, 1929.

*Frank Maloney, Sutherland & Tuttle,* for plaintiff in error.
*Underwood, Haas & Gambrell,* contra.

ON MOTION FOR REHEARING.

STEPHENS, J. It was and is the opinion of the court that the charge of the judge as set forth in the second division of the syllabus contravenes the principle of law set forth in the first division. We recognize it as a well-settled principle of law that actual agency may be proved from the habits, course of dealing and apparent relations; that is to say, that where the course of dealing has been prolonged with the knowledge and consent of the principal, actual

agency can be inferred from such course of dealing. However, the charge as given in the instant case does not, as we conceive its meaning, comport with this principal of law, but on the contrary sets forth that "the principal is bound to the extent of the apparent authority that he has knowingly conferred upon his agent." As we understand the law, this doctrine has no application in cases of tort. While it is true that, under the evidence submitted in this case, it was a question for the jury to determine as to whether or not the course of dealing constituted the bell-boy not only the apparent but the actual agent of the defendant, we do not think, upon consideration of the motion for a rehearing, that the charge of the court can be upheld, since it in effect instructed the jury as a matter of law that the course of dealing proved would establish such agency.

The excerpt from the charge quoted in the second division of the syllabus was necessarily confusing on account of the statement that in a suit for a tort the principal is bound to the extent of the apparent authority that he has knowingly conferred upon his agent, irrespective of any qualification subsequently embodied in the charge. But even if not otherwise subject to criticism, it still had the effect of instructing the jury that from certain stated facts actual agency would arise as a matter of law; whereas it is the opinion of this court that such facts would only have constituted an issue for determination by the jury as to whether such agency did or did not exist. See in this connection *Mathis* v. *Western & Atlantic Railroad*, 35 *Ga. App.* 672 (134 S. E. 793). The charge dealt with the most vital issue in the case, and we think it amounted to reversible error.

*Rehearing denied. Jenkins, P. J., and Bell, J., concur.*