## 25953. AMERICAN FIDELITY AND CASUALTY COMPANY *v.* McWILLIAMS.

Decided March 20, 1937.   Adhered to on rehearing, April 3, 1937.

*Martin, Martin & Snow,* for plaintiff in error.

*S. G. Jones, E. W. Maynard,* contra.

Stephens, P. J.   ■   The policy required by the motor common-carrier act of 1931 (Code, § 68-612), is for the protection of the public against injury proximately caused by the negligence of motor common carriers, not only when they are actually engaged as such common carriers in hauling passengers or freight, but while the vehicles operated by the motor common carrier and

covered by the policy are being used for any purpose or engaged in any act essential to the operation of the motor vehicle as a motor common carrier and that is incident thereto. The provision in the policy issued pursuant to the provisions of this act, that it covers the operation of automobiles and motor vehicles which are "used only for the transportation of passengers for compensation purposes" and operated "on schedule over routes authorized by the Georgia Public-Service Commission," not only covers motor vehicles when actually engaged in the transportation of passengers over scheduled routes, but covers such motor vehicles when used for any purpose or engaged in any act essential to the operation of the motor vehicle as a motor common carrier in the transportation of passengers for compensation over scheduled routes. Connell *v.* Commonwealth Casualty Co., 96 N. J. L. 510 (115 Atl. 352); Devlin *v.* Herr, 98 N. J. L. 324 (119 Atl. 871); Panhandle Steel Products Co. *v.* Fidelity Union Casualty Co. (Tex. Civ. App.), 23 S. W. (2d) 799. Where a motor bus which is being operated, in the transportation of passengers for compensation, over a scheduled route authorized by the public-service commission, is, after arriving at the bus terminal and discharging its passengers, being operated from the terminal along the streets of a city for the purpose of being carried to a place to be gassed or to be parked, which is essential to the operation of the bus in the transportation of passengers, the operation of the bus under these circumstances is essential to the operation of the motor vehicle as a motor common carrier in the transportation of passengers for compensation over scheduled routes, and the insurance policy issued pursuant to the provisions of the motor common-carrier act covers the motor bus while being so operated, and protects the public from negligence in the operation of the motor bus from the terminal along the streets of the city to a place where it is being carried for the purpose of being gassed or to be parked. The petition of a person injured against the insurance company, to recover for such damages, set out a cause of action, and the court did not err in overruling the demurrer.

■ Notwithstanding the suit by the person injured, against both the motor carrier and the insurance company jointly, is, under the ruling in *Russell* v. *Burroughs*, 183 *Ga.* 361 (188 S. E. 451), a misjoinder of actions, the defendant insurance company

has waived the right to raise the question of misjoinder by not having done so by special demurrer at the first term. *Rusk* v. *Hill*, 117 *Ga.* 722 (3) (45 S. E. 42); *Neil* v. *Dow Law Bank*, 138 *Ga.* 158 (74 S. E. 1027).

■ On the trial of a suit against the insurance company to recover upon a policy of insurance indemnifying a motor common carrier against damages to the public in the operation of its motor buses, as provided by the motor common-carrier act of 1931, where the suit was instituted by a person who claimed to have sustained personal injuries as a result of one of the motor carrier's buses running over her on a public street of a city while being driven by the agent and servant of the motor carrier acting within the scope of his authority as such, where the defendant in the plea denied that the bus at the time of the injury was being operated by an employee of the motor carrier, and where in the evidence adduced upon the trial it appeared from the testimony of the local manager of the bus company in the city in which the accident happened, and from the testimony of other witnesses offered by the defendant, that the driver of the bus was employed by the bus company but had no authority to drive the buses of the company, had never been allowed to drive the buses of the company, and had never driven the buses of the company, testimony of witnesses that they had on numerous occasions seen the driver driving buses of the company, was relevant to the issues made by the pleadings and the evidence, and admissible as circumstances corroborative of a statement made by the driver in the presence of the local manager of the bus company that the local manager had authorized the driver to operate the bus on the occasion of the accident, and as corroborative of other testimony of witnesses that they heard the local manager of the bus company instruct the driver to take the bus and to gas and park it. Such evidence was therefore relevant as tending to prove that the driver of the bus, on the occasion in question, had authority to operate the bus as the agent and servant of the bus company. The court did not err in charging the jury that it was contended by the defendant that the driver was not allowed to drive the buses on any occasion, and that evidence to the effect that the driver had driven buses on previous occasions had been allowed to go to the jury as a circumstance for their consideration in connection with the contention of the parties, as tending to

illustrate, if it did, the truth of the case. *Central Ry. Co.* v. *Attaway*, 90 *Ga.* 656, 659 (16 S. E. 956); *National Life & Accident Ins. Co.* v. *Lain*, 51 *Ga. App.* 58 (3) (179 S. E. 751).

■ Since evidence that the driver had driven buses on other occasions was admissible, as just indicated, the court did not err in permitting counsel for the plaintiff to elicit from witnesses for the defendant, on cross-examination, testimony that the driver had on other occasions operated a bus of the bus company, over objection on the ground that evidence as to the driver's operating buses on other occasions was inadmissible, or on the ground that such evidence had no probative value and was irrelevant and prejudicial. Such evidence was admissible as tending to illustrate the issues made by the pleadings.

■ A person whose duty is that of a local manager and head man in a city for a bus company which is engaged in the transportation of passengers from one place to another and has a terminal in the city, and who has authority over the employees, with the right to hire and discharge them, and who has authority to dispatch buses and to give general directions to the employees about their duties, and with whom all complaints and trouble of any kind may be taken up, and "what he said went," and who was "the whole works" in the city, has full authority to represent the company in the city and is the company's alter ego in all matters relating to the operation of the company's buses, including the hearing of complaints and adjusting troubles arising out of their operation, and all matters relating thereto. *Baker* v. *Lowe Electric Co.*, 47 *Ga. App.* 259, 260 (170 S. E. 337).

■ After one of the company's buses when being operated along a public street has run over a person on the street, and also has run into automobiles and damaged them, a statement made by the local manager, in response to any person's complaint and claim for damages arising out of the accident, that the driver of the bus was carrying it to park it while it was not in use, and that the driver had authority to back the bus up to the gas tank and gas it, and that he had told the driver to do this, and also any statement by the local manager afterwards upon the occasion of the trial in the police court of the driver of the bus on a charge growing out of his operation of the bus, made to an attorney who purported to represent the driver, that he, the local manager, was looking after

the interests of the driver and it would not be necessary for the attorney to represent the driver, were admissible in evidence as statements made by the bus company through the local manager as its alter ego, and were not inadmissible as hearsay. A statement made by the driver, immediately after the accident, to a police officer after the driver had been arrested on a charge growing out of the accident, that the local manager had told him to operate the bus on the occasion of the accident, which statement was made in the presence of the local manager, who immediately denied that he had given the driver this authority, was admissible as part of the res gestæ as tending to establish the fact that the local manager had given authority to the driver to operate the bus, and was also admissible as a statement being made in the presence of the local manager as the alter ego of the bus company, and was not inadmissible as hearsay. *Piedmont Operating Co.* v. *Cummings,* 40 *Ga. App.* 397, 399 (149 S. E. 814).

■ On the trial of a suit by the person who was injured by the operation of the bus, against the insurance company which had insured the bus company as a motor common carrier under the provisions of the motor common-carrier act of 1931, the court did not abuse its discretion in readmitting, at a later period in the trial, the testimony narrated in the paragraph immediately above, when the same was offered for the purpose of impeachment, over objection that the evidence was hearsay and was not in rebuttal of any testimony which had been delivered.

■ While it is improper, where there is no evidence of bad character of a witness, for the court to charge the jury that the witness may be impeached by proof of general bad character, it is not error requiring the grant of a new trial, unless under the facts in the case the charge is prejudicial to the party excepting. It does not here appear that the defendant was injured by this charge, and therefore the charge is not ground for a new trial. *Southern Railway Co.* v. *O'Bryan,* 119 *Ga.* 147 (2) (45 S. E. 1000); *Farkas* v. *Brown,* 4 *Ga. App.* 130 (60 S. E. 1014); *Mills* v. *Pope,* 20 *Ga. App.* 820 (2) (93 S. E. 559); *Scarboro* v. *State,* 24 *Ga. App.* 27 (2) (99 S. E. 637).

■ A charge of the court that the question of the rights, duties, and liabilities of the defendants to compensate the plaintiff in damages was to be decided by the rule of ordinary care and

diligence, where the court immediately thereafter charged that the degree of care required of both plaintiff and defendants was the same, stated a correct rule of law, and was not error prejudicial to the defendants in that the charge assumed that the defendants were liable to the plaintiff, or that it was argumentative and confusing to the jury.

A charge to the jury, that it is impossible to produce evidence as to the amount of money that would be necessary to compensate for pain and suffering, and that the amount which the plaintiff would be entitled to recover for pain and suffering must be left to the enlightened conscience of impartial jurors, and would be such an amount as in the minds and consciences of enlightened and impartial jurors the plaintiff should recover as compensation which would be properly chargeable to the defendants, is not an instruction to the jury that the plaintiff is entitled to recover for pain and suffering irrespectively of whether the plaintiff received any injury, or that the jury could go outside of the evidence in determining the amount which the plaintiff could recover. Nor is it subject to the exception that it is confusing and argumentative.

It being one of the contentions relied upon by the defendant, and supported by evidence sufficient to authorize such a finding, that notwithstanding the driver of the bus may have been an employee of the bus company he did not have authority from the bus company to drive its buses, and was not on duty with the bus company on the day of the accident, and did not have authority from the bus company to operate the bus as the bus company's agent and servant in operating the bus from the terminal to the place where the bus was to be gassed or to be parked, and at the time when in the operation of the bus the plaintiff was injured, a charge which instructed the jury that if the plaintiff's injuries were proximately caused by the negligence of the driver in the operation of the bus there could be a recovery if the person driving the bus was the agent or servant of the owner of the bus at the time and was at the time engaged in the business of the owner of the bus, was calculated to instruct the jury that if the driver was not on duty with the bus company on the day of the accident and had no authority to drive the bus at the time of the accident, there could nevertheless be a recovery by the plaintiff

for injuries caused by the negligence of the driver in the operation of the bus if the driver was generally employed by the bus company and was the agent and servant of the bus company at times other than at the time of the accident, but at the time of the accident while driving the bus, without authority to do so, was nevertheless driving it for the purpose of gassing or parking it and was in so doing engaged upon the business of the bus company. This charge was error prejudicial to the defendant, and requires the grant of a new trial. The charge complained of reads as follows: "Whether or not the owner of an automobile bus is liable for damages caused by it, which result from the negligence of the person operating it, depends upon whether the person driving it was the agent or servant of the owner, and engaged upon the business of the owner at the time the negligence occurred; . . that if the driver was such agent or servant and engaged upon such business for the owner, the owner is responsible for injuries to person or property caused by his negligence in operating the automobile bus; . . that it is otherwise if the driver of the bus was not such agent or servant and was not engaged upon such business;" and that, "in other words, I charge you that no person is liable for the conduct of another person in operating an automobile bus unless the operator of such automobile bus at the time complained about in the plaintiff's suit was the agent and servant of the owner, and was engaged upon business for the owner." The court erred in overruling the motion for new trial.

*Judgment reversed. Felton, J., concurs. Sutton, J., dissents from the ruling in division 11.*

SUTTON, J. In my opinion the charge dealt with in division 11 was not error. I think the judgment of the lower court should be affirmed.

ON REHEARING.

STEPHENS, P. J. ■ Where suit is brought against two defendants, and a verdict for the plaintiff against both defendants is returned, and only one of the defendants brings the case to this court by bill of exceptions, and the other defendant is not made a party to the bill of exceptions, the bill of exceptions is subject to amendment at the instance of the plaintiff in error, making the other defendant in the court below a party defendant in error to the bill of exceptions in this court, where this defendant acknowl-

edges service of the motion to make it a party defendant in error to the bill of exceptions in this court and waives time of service and consents to be made a party defendant in error in this court and agrees that the case may be heard at once. Code, §§ 6-911 (3), 6-912, 6-913. The provision in the act approved March 28, 1935 (Ga. L. 1935, p. 161), that "no judgment [of the Supreme Court] other than judgment on motion for a rehearing, shall be rendered during the last fifteen days of any term," has the effect only of requiring the appellate court, when rendering judgments in cases brought to the court on bills of exceptions, to do so more than fifteen days before the last day of the term, so as to give to litigants in all cases decided at the term a period of time, before the adjournment of the court, to have the judgments of the court considered and reviewed on motions for rehearing. This provision of the act places no inhibition upon the power and jurisdiction of the appellate court during the last fifteen days of the term to fully dispose of any case which has been regularly decided according to the provisions of the act, but in which a motion for rehearing has been made, to all intents and purposes as if this act had not been passed. Therefore this court has jurisdiction, within the last fifteen days of the term, in a case decided more than fifteen days before the expiration of the term, and in which a motion for rehearing has been made, to pass an order making a party to the bill of exceptions and authorizing the bill of exceptions to be amended accordingly. The motion of the plaintiff in error to amend the bill of exceptions so as to make the other defendant in the court below a party defendant in error in this court is allowed, and the motion of the defendant in error to dismiss the writ of error on the ground that the necessary parties to the bill of exceptions were not made in this court, is overruled.

*Judgment adhered to. Felton, J., concurs. Sutton, J., concurs, except as to the ruling in division 11 of the original opinion, from which he dissents.*