26202. AKRIDGE *v.* ATLANTA JOURNAL COMPANY *et al.*

DECIDED DECEMBER 1, 1937. REHEARING DENIED DECEMBER 17, 1937.

*Maddox & Griffin,* for plaintiff.
*Maddox, Matthews & Owens,* for defendants.

BROYLES, C. J. Charles Akridge brought suit against Martin Christian and the Atlanta Journal Company, on account of personal injuries and damage to his automobile, alleging in part that Christian was the agent of the Atlanta Journal Company, and it was his duty to see after local agencies and make collections in northwest Georgia, including the City of LaFayette; that in the execution of his duties he used an automobile; that at the time of the injury complained of, which occurred on Broad Street in Rome, Georgia, he had been to LaFayette on business for the Atlanta Journal Company, and was returning to his headquarters in Rome, and was acting within the scope of his employment; and that he drove his automobile against the back of petitioner's automobile, resulting in injury to petitioner and petitioner's automobile. The

Atlanta Journal Company, answering, admitted that Christian was its agent and employee, but denied that Christian, at the time in question, was acting within the scope of his employment and about the business of the defendant company, and denied that he was returning from LaFayette at said time. At the conclusion of the evidence the court granted a nonsuit as to the Atlanta Journal Company, and, upon motion of the plaintiff, declared a mistrial as to Christian.

While ordinarily a principal would not be liable for an injury caused by an agent if the agent were not liable, in view of the pleadings and orders of the court above stated, and of the issues to be determined, it is unnecessary to discuss or set forth the pleadings or the evidence so far as they relate to the liability of Christian. The issues raised by the assignments of error are as follows: 1st. Were certain statements by Christian, which the plaintiff contended were made at the scene of and immediately after the wreck, admissible in evidence against the Atlanta Journal Company? 2d. Did counsel for the Atlanta Journal Company have the right to examine the defendant Christian, whom the plaintiff called "as a witness against himself and for the purpose of cross-examination"? 3d. Did the court properly grant a nonsuit as to the Atlanta Journal Company?

1. The bill of exceptions shows that the plaintiff testified that Martin Christian told him that he, Christian, was coming from Trion and LaFayette where he had been collecting for the Atlanta Journal; and counsel for defendants moved to rule out this testimony, as to the defendant Atlanta Journal Company, on the ground that it was hearsay, and that the Atlanta Journal Company was not bound by the statement of Christian. Counsel for the plaintiff insisted that the statement of Christian made at the time was a part of the res gestæ and admissible, and stated further that he expected the witness to answer that Christian had stated that he had been to Trion and LaFayette, was on his way home, had his collection books and papers in the automobile, and that they were the collection books and papers of the Atlanta Journal Company. The court ruled that, until it was shown that Christian was the agent of the company and employed at the time in the company's business, the evidence was not admissible; and on this ruling the plaintiff assigns error, for the reason that it was admitted in the

answer of the Atlanta Journal Company that Christian was the agent of the Journal Company and that said statements of Christian were made at the time and place of the wreck. The bill of exceptions also shows that H. P. Rinehart, a witness for the plaintiff, testified: "I heard Mr. Christian make the remark to Mr. Akridge he could take his car to the Ford place and have it repaired, and when they did to send the bill to the Atlanta Journal and they would pay it." Counsel for defendants, in behalf of the Atlanta Journal Company, moved "to exclude from the testimony of the witness the statement ' send the bill to the Atlanta Journal,' and so forth, as immaterial and irrelevant." The court sustained the objection, and on this ruling the plaintiff assigns error, and says that the statements of Christian, being made at the time and place of the wreck, constituted a part of the res gestæ and were therefore admissible. The bill of exceptions also shows that Lee Perry, a witness for the plaintiff, testified that the defendant Christian "said he had been [come] from Trion or LaFayette where he had been collecting for the Journal," the witness "having previously testified that this conversation took place at the scene of the wreck between Christian, one of the defendants, and Charles Akridge." Counsel for the defendants objected to this evidence as immaterial, irrelevant, and incompetent. The court sustained the objection, and on this ruling the plaintiff assigns error on the ground that it is contrary to law.

The plaintiff alleged in his petition that the defendant Christian had been to LaFayette, Georgia, on business for the defendant Atlanta Journal Company, and, in the course of his duties as agent and employee of said company, was returning to his headquarters and home in Rome, and was acting within the scope of his employment and about the business of the Journal Company at the time of the injury. The evidence above set out, and excluded by the court, would tend to sustain this contention of the plaintiff; and if it were admissible, the nonsuit was improperly granted. There is no issue as to the alleged statements of the defendant Christian being admissible in evidence against him. The issue is whether they were admissible in evidence against the Atlanta Journal Company. Were they admissible because the defendant Christian was the admitted agent of the defendant Atlanta Journal Company and the statements were made at the time and place of

the wreck and consequently a part of the res gestæ, or were they properly excluded because they were hearsay, incompetent, and irrelevant as to the Atlanta Journal Company, and because the declarations of the alleged agent were not admissible to prove that he was acting as agent at the time of the injury? The cause of action of the plaintiff is based purely on the allegation "that at the time complained of the defendant Martin Christian . . was acting within the scope of his employment and about the business of the defendant the Atlanta Journal Company." The Atlanta Journal Company admitted that Christian was its agent, but denied that Christian was acting as its agent or was acting on or about the company's business at the time of the alleged injury. Under these circumstances, the plaintiff must first prove that Christian was acting as agent for the Atlanta Journal Company *at the time of the injury,* before the alleged statements of Christian would be admissible against the Journal Company. "Where there is an attempt to bind a person by the act of an agent, it is necessary for the person asserting the agency to establish it. *After a prima facie case is made,* the declarations of the agent himself, made accompanying the transaction or during the execution or settlement of it, are admissible in corroboration of the *prior* evidence tending to establish the agency." (Italics ours.) *White Sewing Machine Co.* v. *Horkan,* 7 *Ga. App.* 283 (3) (66 S. E. 811). See also *Delpheon Co.* v. *Crankshaw,* 25 *Ga. App.* 672 (4) (104 S. E. 455). In the instant case the record fails to show that there was any "prior" evidence establishing the agency at the time of the injury which would pave the way for the admission of these declarations by the alleged agent of the Atlanta Journal Company. And the agency of Christian at the time of the injury could not legally be proved by Christian, the alleged agent.

In *Hall* v. *Mize,* 142 *Ga.* 395 (83 S. E. 92), it was said: "Where it is sought to bind one by the acts of another who is alleged to be his agent, *the agency can not be proved by testimony of the statements of the alleged agent."* (Italics ours.) See also *Herrington* v. *Shumate Razor Co.,* 6 *Ga. App.* 861 (65 S. E. 1064); *Horton* v. *Tway,* 43 *Ga. App.* 164 (158 S. E. 365). Nor does the fact that the alleged statements of the defendant Christian were made at the time and place of the injury render them admissible in evidence against the defendant Atlanta Journal Company, because "the

declarations of an alleged agent, though made dum fervet opus, are not admissible to prove his agency." *Franklin County Lumber Co. v. Grady County,* 133 *Ga.* 557 (66 S. E. 264). In the opinion in that case it was said: "The court permitted witnesses for the plaintiff to testify to declarations made by certain persons . . . which declarations tended to show that such persons were doing this work as the agents of the defendant company. In each instance counsel for defendant sought to have the testimony excluded upon the ground that agency can not be proved by the declarations of the alleged agent. The judge, in his rulings, seems to have been of the opinion that declarations of this character, though not generally admissible to prove the agency of the person making them, are admissible for this purpose if made dum fervet opus. The well-established rule that the declarations of an alleged agent are not admissible to prove his agency is, however, *not subject to such qualification. Williams* v. *Kelsey,* 6 *Ga.* 365; *Holland* v. *Van Beil,* 89 *Ga.* 223 (15 S. E. 302); *Abel* v. *Jarratt,* 100 *Ga.* 732 (28 S. E. 453); *Massillon Engine Co.* v. *Akerman,* 110 *Ga.* 570 (35 S. E. 635). Consequently the court erred in not excluding such declarations." (Italics ours.) See also *Swint* v. *Milner Banking Co.,* 30 *Ga. App.* 733 (3) (119 S. E. 336); *Waddington* v. *Stores Mutual Asso.,* 52 *Ga. App.* 331 (183 S. E. 143). The instant case is differentiated from *American Casualty Co.* v. *McWilliams,* 55 *Ga. App.* 658 (191 S. E. 191), in that in the *McWilliams* case the declaration of the alleged agent (that he was such agent) did not stand alone, but the fact of agency had been clearly indicated by proof of circumstances, apparent relationship, and conduct of parties; whereas in the instant case there was no proof that the alleged agent on the particular occasion in question was such agent, and the declaration of the alleged agent that he was such agent, standing alone, was not admissible. *Render* v. *Hill,* 30 *Ga. App.* 239 (117 S. E. 258). *Abel* v. *Jarratt,* supra. Testimony of the statements of Christian, the alleged agent, not being admissible to prove his agency, and his statements not being binding on the Atlanta Journal Company until after his agency *at the time of the injury* was established, the court did not err in excluding the evidence.

The bill of exceptions recites, "that upon the trial of said cause the defendant Martin Christian was called as a witness against

himself and for the purpose of cross-examination by counsel for plaintiff, and that when counsel for plaintiff had completed the examination, and over objection of counsel for plaintiff then and there made that counsel for plaintiff had called the defendant Christian as a witness against himself and for the purpose of cross-examination, and that he was not subject to examination by counsel for defendants, and objected to the asking of any questions by counsel for defendants unless he was made a witness for the defendants, that the court then and there overruled said objections of plaintiff and permitted the said Christian to answer questions propounded by counsel for the defendant Atlanta Journal Company," which testimony is set out in the bill of exceptions. The plaintiff assigns error on this ruling. While the bill of exceptions recites that Christian was called as a witness against himself and for the purpose of cross-examination, the evidence shows that he was not examined merely as to his own liability, but that he was also examined as a witness against the Atlanta Journal Company; and this being true, the court did not abuse its discretion in allowing counsel for the Atlanta Journal Company to examine him. Moreover, this examination was not objected to as pertaining to the case against Christian, as to whom a mistrial was declared. It is the nonsuit as to the Atlanta Journal Company on which error is assigned. The Code, § 38-1801, provides that in "civil cases, either plaintiff or defendant shall be permitted to make the opposite party, or any one for whose immediate benefit such suit is prosecuted or defended, a witness, with the privilege of subjecting such witness to a thorough and sifting examination." And (§ 38-1705) that "the right of cross-examination, thorough and sifting, shall belong to every party as to the witnesses called against him. If several parties to the same case shall have distinct interests, each may exercise this right." In *Lauchheimer* v. *Jacobs*, 126 *Ga.* 261, 267 (55 S. E. 55), the court said: "Where a party to a suit calls the opposing party to the stand as a witness, it is within the discretion of the judge to refuse, on objection, to prohibit the counsel for the opposing party from asking leading questions on cross-examination, and the fact that the court allowed the cross-questions complained of in this case does not show such an abuse of discretion as to authorize the grant of a new trial." From the excerpt just quoted it appears that the trial judge may exercise

his *discretion* in allowing counsel for a party to question that party when he is called as a witness by the opposite party. Indeed it goes further and holds that counsel, on cross-examination, may be allowed, in the discretion of the trial judge, to ask his own client in the case leading questions, though this is against the usual procedure and general rule. That "this discretion will not be controlled, except in an extreme case," is shown by the case of *Cade* v. *Halcher*, 72 *Ga.* 359. In *Scarborough* v. *Walton*, 36 *Ga. App.* 428 (136 S. E. 830), cited by counsel for the plaintiff in error, the plaintiff called one of the defendants to the witness stand and cross-examined him as provided by the Code, § 38-1801; and this court said that, in their opinion, this right of examination by the plaintiff was "one not to be burdened with the right of either of the defendants to cross-examine the witness when the plaintiff was through." However, this court did not hold that the trial court could not allow the defendant's counsel to cross-examine the witness, as is shown by the ruling which followed the language above quoted, to wit: "Assuming, without deciding, that the court might, in the exercise of its general discretion, have allowed the cross-examination, *there was no abuse of discretion in refusing it.* It is unnecessary to rule more in this case, and we limit our ruling accordingly." (Italics ours.) If the judge had a "discretion in refusing" to allow the cross-examination, he necessarily had a discretion in allowing it.

Upon conclusion of all the testimony, the court granted a nonsuit as to the Atlanta Journal Company, and on this judgment the plaintiff assigns error. The undisputed evidence of the plaintiff, Charles Akridge, was that the wreck occurred "a few minutes after seven" o'clock, p. m. on Broad Street in Rome, Georgia. The defendant Christian testified in part: "I made collections for the Atlanta Journal Company, and I looked after agents for them— the local agents for those places [referring to eighteen counties and including Walker County and the City of LaFayette where the petition alleged the defendant Christian had been on business for the Journal Company]. In connection with my business I used an automobile. On December 23, 1935 [the date of the injury], I had not been to Summerville, Trion, or LaFayette. I had been to Lindale, Cedartown, Rockmart, and Shannon, the last place I had gone to being Shannon. I left Shannon about 4:30 and came to

Rome and stopped at the Fifth Avenue Drug Store. I wouldn't say how long I stayed there, but I went from there to the Rome Jewelry Store. . . I had left the Rome Jewelry Store and started to go to Lindale to sell a ring. . . I don't have any office at all. My home is at 402 East Eighth Street in East Rome. I wasn't going by there before I went to Lindale. I had had supper. . . . I had completed my work, when I got through at Shannon, for the Atlanta Journal, at four-thirty. . . My car is my office. I don't conduct any business from my home. . . I got to the Fifth Avenue Drug Store, I imagine, around five o'clock. . . After I got to the Fifth Avenue Drug Store I had completed my work, according to the rules we work under, when I finished at Shannon at four-thirty. In other words, they [the Atlanta Journal Company] had no more duty with me until the next morning. . . I just hung around the Fifth Avenue Drug Store awhile and ate a sandwich and went to the Rome Jewelry Company and had started to Lindale when this accident occurred. . . Mr. Yalowitz at the Rome Jewelry Company owned this ring, and I was taking them [rings] to Lindale for myself and to sell them for him down there. The Atlanta Journal Company had nothing in the world to do with that." It is undisputed that the defendant Christian was driving his own car. The foregoing testimony of Christian, which was not contradicted by any legal testimony, clearly shows that he was not on duty as an agent or employee of the Atlanta Journal Company at the time of the injury, and was not to resume his work for the Journal Company until the next morning, but was on his own individual business—selling rings—when the injury occurred. He testified that he did not attend to his business at his home, that his car was his office, and that he finished with the Journal Company business at 4:30 at Shannon; but even if he were on the Journal Company's business until he got back to Rome, the evidence shows that he reached Rome about 5 o'clock, more than two hours before the wreck occurred a few minutes after 7 o'clock, and when he was on the way to Lindale to sell a ring, which was his own individual business and in which the Atlanta Journal Company had absolutely no interest or concern. There being no legal testimony to show that the defendant Christian was acting as agent for the Atlanta Journal Company at the time of the injury or within the scope of his employment by said Company at

said time, the court did not err in granting a nonsuit as to the Atlanta Journal Company.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

ON MOTION FOR REHEARING.

BROYLES, C. J. Counsel for the movant say: "The court nowhere in its decision refers to or attempts to distinguish the ruling in the case of *Piedmont Operating Co.* v. *Cummings,* 40 *Ga. App.* 397 (4, 5), which was cited in our original brief." While this court did not discuss the *Cummings* decision eo nomine, we did consider it and the principle announced therein. The decision in *American Fidelity & Casualty Co.* v. *McWilliams,* 55 *Ga. App.* 658 (191 S. E. 191), cited the *Cummings* case as authority for the holding in paragraphs 6 and 7 of the opinion; and in our opinion in the instant case we show why and wherein "the instant case is differentiated from the case of *American Casualty Co.* v. *McWilliams,*" supra. None of the authorities or contentions of the plaintiff in error were overlooked; and the motion shows no cause for a rehearing of the case.

*Motion denied. MacIntyre and Guerry, JJ., concur.*