26749. JORDAN *v.* THOMPSON.

DECIDED JULY 13, 1938.

*Duke Davis,* for plaintiff in error. *J. R. Terrell Jr.,* contra.

STEPHENS, P. J. 1. On the trial of a suit in which the plaintiff sought to recover of the defendant damages to the plaintiff's automobile resulting from a collision between the defendant's automobile truck and the plaintiff's automobile, and caused by alleged negligence of the defendant in the operation of the automobile truck by and through his authorized servant and agent operating it at the time, where the defendant denied that the truck which caused the damage belonged to him, and denied that the person operating the truck was his servant or agent, or was engaged in the prosecution of the defendant's business when operating the truck, while there was evidence that the truck belonged to a person other than the defendant, and that this person gave directions to the driver of the truck, and that at the time of the collision the driver of the truck was this person's agent or servant, and was engaged in the prosecution of this person's business, and it was contended by the plaintiff that the person giving orders and directions to the driver of the truck was, irrespective of the ownership of the truck, the agent or servant of the defendant engaged in the prosecution of the defendant's business, which was that of cutting timber and operating a sawmill, it did not appear conclusively from the uncontradicted evidence that at the time of the collision the truck (although it may have been operated under the direction of an agent of the defendant, and the operator may have been the defendant's agent) was being operated in the prosecution of the defendant's

200

business. It being essential to the liability of an employer or a master for a tort committed by his agent or servant that the agent or servant at the time was engaged in the prosecution of the master's business, and it not appearing without dispute from the uncontradicted testimony that the operator of the truck, if he was the agent of the defendant, was at the time engaged in the prosecution of the defendant's business, a charge to the jury that if the driver of the truck was the agent of the defendant, any negligence of which the driver might be guilty would be imputable to the defendant, was error in that the court failed to charge that the driver's negligence must have been at the command of the defendant, or must have been committed by the driver while engaged in the prosecution or within the scope of the defendant's business. *Lewis* v. *Amorous*, 3 *Ga. App.* 50 (59 S. E. 338); *Savannah Electric Co.* v. *Hodges*, 6 *Ga. App.* 470 (65 S. E. 322); *American Fidelity & Casualty Co.* v. *McWilliams*, 55 *Ga. App.* 658 (191 S. E. 191). The court erred in overruling the defendant's motion for new trial.

*Judgment reversed. Felton, J., concurs. Sutton, J., concurs in the judgment.*