## 32452. BAILEY *v.* INSURANCE COMPANY OF NORTH AMERICA.

DECIDED DECEMBER 5, 1949.

526

534

538

*Smith, Elliott & Swinson, William J. Schloth,* for plaintiff.
*Albert W. Stubbs, William S. Cain,* for defendant.

MacIntyre, P. J. 1. "There is no little confusion among the decisions in regard to the. burden of proof in cases where the bailee is sued by the bailor for loss of, or injury to, the bailed goods. It seems accurate, according to the weight of authority, and also on principle, to say that, since the negligence of the bailee is a fact upon which the bailor's right to recover is based, the burden of proof as to such negligence rests at the outset on the plaintiff bailor, and remains on him all during the trial. But by proving that the goods were delivered to the bailee in good condition and that they were returned in a damaged condition or not returned at all, the plaintiff thereby makes out a prima facie case of negligence, and thus imposes upon the defendant bailee the duty of going forward with the evidence under penalty of losing the suit. Hence a mere showing of loss or injury will entitle the plaintiff bailor to recover, unless this is offset by evidence adduced by the defendant bailee. The bailee, though, may overcome the prima facie case, thus made out on the part of the bailor, by proving affirmatively that he exercised that degree of care which the bailment in question called for, or that the loss or injury was due to causes in no way connected with the lack of proper care on his part. Such a showing will then prevent a recovery by the bailor." Dobie, On Bailments and Carriers, p. 36, § 17. See also 6 C. J. 1158, § 159; *Concord Variety Works* v. *Beckham,* 112 *Ga.* 242 (37 S. E. 392); *Massillon Engine & Thresher Co.* v. *Akerman,* 110 *Ga.* 570 (35 S. E. 635); *Hawkins* v. *Haynes,* 71 *Ga.* 40; *Moultrie Compress Co.* v. *Byrom Cotton Co.,* 13 *Ga. App.* 617 (79 S. E. 589); *Pickering* v. *Anderson,* 12 *Ga. App.* 61 (1) (76 S. E. 754); *Johnson* v. *Perkins,* 4 *Ga. App.* 633 (62 S. E. 152). The defendant, in his answer, admitted that the airplane was delivered to him under such circumstances as to constitute him a bailee; that during the bailment the airplane was damaged as a result of his crash landing; that the amount of damage to the airplane during the bailment is the amount sued for; and that the claims of King's

School of Aviation, the bailor, had been assigned to the Insurance Company of North America, the plaintiff. These admissions on the part of the defendant constitute the admission of a prima facie case for the plaintiff, and the law, therefore, would, in the absence of anything more, presume the negligence of the defendant and grant the plaintiff's claim for damages. The defendant contends, however that the destruction of the plane did not result from running out of gas, or that if it did result from lack of gas, the exhaustion of the gas supply was the result of the defective fuel mechanism on the plane, or a leak in the fuel line, and that this was not the result of any negligence on his part, but that he exercised proper diligence under the circumstances.

As has been said innumerable times by this court and the Supreme Court, except in clear, plain, and palpable cases, the questions of negligence and diligence are always for the determination of the jury. Thus, in determining whether or not a verdict was demanded for the plaintiff, it is necessary to decide whether or not there was any evidence from which the jury might deduce or infer that the plaintiff's prima facie case (and the consequent presumption of negligence) had been rebutted by the defendant. We think that there was. While it is true that there was evidence that there had been motor trouble of some kind in the plane two days before the defendant flew it to Memphis and that in Memphis he had to have what looked like a grass seed removed from the settling bowl of the carburetor, and there had been a leak in the fuel system caused by a defective gasket, which had been remedied by tightening, we can not say as a matter of law that the defendant was negligent in attempting to fly the plane under these circumstances. Further, even though he did make the affidavit that the crash was caused because the plane ran out of gas, he gave an explanation, which the jury could have believed if they so chose; and even though the jury could have believed that when he rocked the plane and saw gasoline which he considered sufficient to operate the plane between the Muscogee County Airport and the Columbus Municipal Airport, the jury could have found that he was merely guessing, that he was not sure of the amount of gas present and that he was taking a risk in not being positive of the quantity of gas in

the tanks which was not in accord with the diligence required, we as judges may not make such a decision, for the jury could just as reasonably have said that the defendant knew that he had filled the tanks in Tuscaloosa with a quantity of gasoline sufficient to carry the plane 200 miles beyond Muscogee County Airport and Columbus Municipal Airport and that it was not even necessary to look into the tanks or check the actual quantity present before taking off. While we ourselves would not subject ourselves to such a risk, and were we serving on the jury we would not have thought it in the exercise of ordinary care to take such a risk, we cannot as judges make that determination and thereby usurp the prerogative of the jury. While there are doubtless numerous theories which could be put forth for and against the question of the defendant's exercise of ordinary care, it serves no purpose here to delve into a multitude of such theories; we will add only one more to what we have already said and desist. The jury quite reasonably could have found that in view of the quantity of gasoline placed in the plane in Tuscaloosa—only a short distance from Columbus—and in view of the quantity that would necessarily have remained in the plane after so short a flight, that it must have been some defect in the plane which proximately caused the crash. We think the court erred in directing the verdict and taking the questions of negligence and diligence from the consideration of the jury.

We, of course, do not intimate any opinion as to what the jury's verdict should be. They could under this evidence have found for the plaintiff or they could have found for the defendant.

The court erred in directing a verdict for the plaintiff and in overruling the motion for a new trial.

*Judgment reversed. Gardner and Townsend, JJ., concur.*