HOLLAND et ux. v. COOPER et al.

No. 13752.

United States Court of Appeals
Fifth Circuit.

Nov. 7, 1951.

R. Wilson Smith, Jr., Gainesville, Ga., for appellant.

A. C. Wheeler, Gainesville, Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and STRUM, Circuit Judges.

HOLMES, Circuit Judge.

 Federal jurisdiction in this case depends solely upon diversity of citizenship between the parties. The action arose, in Georgia, out of a collision between two automobiles; and the liability of the appellee is predicated solely upon the doctrine of *respondeat superior*. Our decision under that doctrine is governed by the laws of the State of Georgia. At the conclusion of the evidence, the trial court sustained the motion of appellee for an involuntary dismissal as to him, and judgment was entered in his favor.

It is undisputed that the collision between the automobile operated by the appellant Holland and the one operated by the appellee's employee, Morris, occurred about 7:30 o'clock P.M., which was after the latter had quit work for the day with reference to his employment with Cooper. Morris testified that Cooper had not sent him anywhere; that he was traveling on a mission of his own; that after he left the store he did not perform any service whatever for Cooper before the accident; and that Cooper knew nothing about where he was or where he was going. Cooper testified to the same effect, and that Morris had no authority from him to be out at that hour of the night.

 Appellants undertook to impeach the witness Morris by showing that, after the accident, on the way to the hospital, he said he was performing a mission for Cooper at the time in question. The decision on the merits of this case depends upon the competency, value, and effect, of this testimony. The owner of an automobile is not liable for an injury from negligent driving thereof by an employee who was using the car for a private purpose entirely disconnected from the owner's business. Ga.Code Ann. § 105–108; Royal Undertaking Co. v. Duffin, 57 Ga.App. 760, 196 S.E. 208.

 The owner of an automobile is not liable for the negligence of its driver merely because he is the owner of the vehicle. Jordan v. Thompson, '58 Ga.App. 199, 198 S.E. 302; Graham v. Cleveland, 58 Ga. 810, 811, 815, 200 S.E. 184. The rule that proof of ownership of an automobile and its use by an employee raises a presumption that the employee was engaged in business of the owner has no application here, because the uncontradicted evidence of both Morris

and Cooper is that Morris was not on the business of Cooper, and agency cannot be proven by the declaration of an agent, though made *dum fervet opus.* Massillon Engine & Thresher Co. v. Akerman, 110 Ga. 570, 35 S.E. 635. See also Robertson v. Byrne, 147 Ga. 329, 93 S.E. 895; Franklin County Lumber Co. v. Grady County, 133 Ga. 557, 66 S.E. 264.

■ Morever, even though declarations made out of court by a witness may be used to impeach the witness, they are not competent as substantive evidence to establish the facts that they affirm. Watts v. Starr, 86 Ga. 392, 12 S.E. 585. See also Luke v. Cannon, 4 Ga.App. 538(4), 62 S.E. 110. As stated by the Supreme Court of Georgia in Central Railroad & Banking Co. v. Maltsby, 90 Ga. 632, 16 S.E. 953, 954: "The utmost the plaintiff could accomplish by proving such statements would be to show that the witness was unworthy of credit, and thus destroy the effect of his testimony; but the elimination of his testimony from the case would not tend in any degree to set up as evidence the contradictory matter stated by the witness out of court."

The judgment appealed from is affirmed.