34288.   COOLEY *v.* TATE.

Decided October 16, 1952.

*G. Fred Kelley, John R. Strother, Young H. Fraser*, for plaintiff in error.

*Wheeler, Robinson & Thurmond, R. Wilson Smith Jr.*, contra.

GARDNER, P. J. "Every person shall be liable for torts committed by his wife, his child, or his servant, by his command or in the prosecution and within the scope of his business, whether the same shall be by negligence or voluntary." Code, § 105-108. So, "If an owner of an automobile is sued for damages on account of an injury caused by the negligent operation of it by his chauffeur, the rules of law touching master and servant will ordinarily be applied for the determination of the liability of the former for the act of the latter." *Fielder* v. *Davison*, 139 *Ga.* 509 (2) (77 S. E. 618). It is by virtue of the foregoing principle of law that the defendant can be held responsible to the plaintiff on account of the injuries alleged to have been sustained by him and which are sued for by the plaintiff in this action. In a proper case the negligence of the defendant's servant and the driver of his tractor, H. D. Coleman, in the operation of this motor vehicle, would be imputed to the

defendant, and he would be liable to the plaintiff for the damage caused by this negligence under the doctrine of respondeat superior. However, in order for the master to be liable in such a case the tortious conduct of the servant must have been by the command of the master or in the prosecution and within the scope of his business. See *Jordan* v. *Thompson*, 58 *Ga. App.* 199, 200 (198 S. E. 302), and cit. It must appear that the negligence of the defendant's servant arose in a transaction in the doing of which the servant was actually engaged in the performance of his master's business. "Where a servant, while not engaged in the performance of his master's business and during a time when he is free to engage in his own pursuits, uses his master's automobile for his own purposes (although he does so with the knowledge and consent of his master), and, while so using it, negligently injures another by its operation, the master is not liable." *Eason* v. *Joy Floral Co.*, 34 *Ga. App.* 501 (130 S. E. 352), and see *Dougherty* v. *Woodward*, 21 *Ga. App.* 427 (94 S. E. 636). "If while a servant is not engaged in the performance of his master's business, and during a time when he is free to engage in his own pursuits, his master lends him an automobile, and while he is using it for his own pleasure, disconnected from any business of the master, he negligently injures another by its operation, the servant will stand in the same position as would another borrower, and the master will not be liable for his acts, on the doctrine of respondeat superior." *Fielder* v. *Davison*, supra, headnote 5. "As a general rule, conceding the negligence of the operator of an automobile, the owner thereof, when not riding in the car, is not liable for injuries proximately resulting from such negligence, merely because he is the owner of the vehicle." See *Graham* v. *Cleveland*, 58 *Ga. App.* 810 (200 S. E. 184), and cases cited on page 811. The fact that the defendant made no objection to his servant, Coleman, using this tractor in order to go to and from his lodging place, would not render the defendant liable for an injury resulting from the alleged negligence of Coleman in the operation of this tractor when he drove it on the night of the collision from the market in Atlanta towards Douglasville, for the purpose of spending the night with his brother in the latter place. As a general rule, the owner of an automobile is not "liable for the

negligence of the operator of his automobile merely because he consented, expressly or impliedly, to its operation by such person." *Graham* v. *Cleveland,* supra; *Durden* v. *Maddox,* 73 *Ga. App.* 491, 493 (37 S. E. 2d, 219). It is stated by this court in *Graham* v. *Cleveland,* supra, p. 813, quoting the late Judge Taft, that "The question is one of agency. The result is determined by the answer to the further question, Whose work was the servant doing? and, under whose control was he doing it?" Byrne *v.* K. C. F. S. & M. R. Co., 61 Fed. 605.

But it is insisted by counsel for the plaintiff that the fact that the evidence showed that at the time of the collision the tractor injuring him belonged to the defendant, and that the driver thereof was the defendant's servant, coupled with the fact that "said employee had said tractor and trailer in his charge on business for the master on said date," raised the presumption that at the time of the collision the defendant's employee, said Coleman, "was using said tractor in the business of the defendant." The case of *Gallagher* v. *Gunn,* 16 *Ga. App.* 600 (85 S. E. 930), in which it was held by this court that, "When the plaintiff's evidence showed that the defendant was the owner of the automobile that injured him, and that the chauffeur operating the machine at the time of the injury was the defendant's servant, the presumption arose that the servant was engaged in the master's business and within the scope of his employment; and the burden was then upon the defendant to show that the machine was not his, or that the chauffeur was not his servant, or that the servant was not at the time of the injury engaged in the prosecution of the defendant's business," is relied upon by the plaintiff. It is true that in a proper case such presumption arises. See *Haygood* v. *Bell,* 42 *Ga. App.* 602 (157 S. E. 239); *Yellow Cab Co.* v. *Nelson,* 35 *Ga. App.* 694 (134 S. E. 822). However, the undisputed and clearly stated facts here do not show a situation giving rise to such presumption. Here the evidence was without contradiction that the defendant had no control whatever over the driver of this tractor in going to and from his lodging on this, or any other occasion when he was on the road for his employer, and that the servant was entirely on his own in using the defendant's tractor for such purpose. This is not a case where the defend-

ant's servant in the prosecution of his master's business deviated slightly therefrom, that is, where the servant "while engaged in the business of his master, makes a slight deviation for ends of his own, the master remains liable when the act was so closely connected with the master's affairs that, though the servant may derive some benefit from it, it may nevertheless fairly be regarded as within the course of his employment." *Limerick* v. *Roberts,* 32 *Ga. App.* 755 (1 a,b) (124 S. E. 806). "Where there is a deviation, the question should ordinarily be submitted to the jury as to whether or not the deviation from the master's business was slight, so slight as not to affect the master's responsibility for the negligent act." *Parker* v. *Smith,* 66 *Ga. App.* 567, 569 (18 S. E. 2d, 559). See also *Atlanta Coca Cola Bottling Co.* v. *Brown,* 46 *Ga. App.* 451 (167 S. E. 776) and cit.; *Henderson* v. *Nolting First Mortgage Corp.,* 184 *Ga.* 724 (193 S. E. 347, 114 A. L. R. 1022); *Jump* v. *Anderson,* 58 *Ga. App.* 126 (197 S. E. 644); *Bunch* v. *McLeskey,* 173 *Ga.* 545 (161 S. E. 128).

Here we have a case where the undisputed facts plainly show that when the plaintiff was injured the defendant's servant was acting for himself and was not engaged at all in the defendant's business and within the scope of his employment. The test is not that the act of the servant was done during the existence of the employment, but whether the servant was at that time serving the master. *L. & N. R. Co.* v. *Hudson,* 10 *Ga. App.* 169, 172 (73 S. E. 30). The evidence shows that the servant was driving the tractor at the time on business of his own, to Douglasville, in order to spend the night with his brother there, and was engaged in an enterprise wholly unconnected with the business of his employment with the defendant, which was that of driver of the defendant's tractor and trailer in hauling produce, and that the servant did not request or have the consent of the defendant to make this trip. We do not have a case from which the jury might be authorized to find that, while the servant was engaged in a matter from which he might derive some benefit, it was so closely connected with his master's affairs that it could fairly be regarded as within the course of his employment. Only one construction may reasonably be placed upon the undisputed evidence here, and that is that the

servant was not engaged in the prosecution of the defendant's business at the time of the collision resulting in the plaintiff's injury, and that no other verdict could have been rendered by the jury except one finding in favor of the defendant. Code, § 110-104; *Biederman* v. *Jones,* 183 *Ga.* 351 (188 S. E. 519); *Mize* v. *Paschal,* 206 *Ga.* 189 (56 S. E. 2d, 266); *Bowles* v. *White,* 206 *Ga.* 343 (57 S. E. 2d, 187); *Seabolt* v. *Christian,* 82 *Ga. App.* 167 (60 S. E. 2d, 540).

It follows that the trial court did not err in directing the verdict for the defendant and that such verdict was not contrary to law and was demanded under the evidence.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*